Filed 7/3/24  In re H.C. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re H.C. et al., Persons Coming Under the Juvenile Court Law. | B330715 (Los Angeles County Super. Ct. No. 22CCJP04353) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LILIANA M.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Charles Q. Clay, Judge. Affirmed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavanai, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

Liliana M. (mother) appeals from the orders finding dependency jurisdiction over her children H.C. (born March 2018) and A.C. (born June 2019), and prematurely challenging findings regarding Indian ancestry in that dependency jurisdiction, which has not been terminated, and the inquiry is ongoing. Mother's challenge to the jurisdictional findings do not show reversible error as the unchallenged findings concerning Bernardo C.'s (father) conduct are sufficient to establish dependency jurisdiction. Finally, we conclude substantial evidence supports the juvenile court's findings, and we affirm.

## FACTUAL BACKGROUND

### Referral and petition

The Los Angeles County Department of Children and Family Services (the Department) filed the current petition following two prior domestic violence referrals involving mother and father in the children's home. The Department closed the prior referrals after not finding sufficient evidence of domestic violence or abuse directed at the children.

The third referral of domestic violence was made in September 2022, following mother's attempt to grab father's phone during a dispute leaving him wounded and her arrested. Mother had reputedly tugged at father's shirt collar; slapped him;

and scratched his neck, head and chest. In response, father pushed mother.

During the investigation, mother admitted to two instances of domestic violence. She added father had a pattern of saying he wanted to improve their relationship, only to undermine it with unfaithfulness. The investigation revealed H.C. had been a witness to father pushing mother and other incidents besides the ones in the three referrals. Based on this, the Department filed a petition under Welfare and Institutions Code section 300,[1] alleging the parents' history of domestic violence placed the children at risk of harm.

At the initial hearing, the court found H.C. and A.C. to be children described by section 300 and released them to the parents' custody. The parents were ordered to live separately and to obtain a third party's help with the custody exchanges.

The Department later learned mother was permitting father to spend the night in the home, and they were engaging in daily marijuana use. The parents admitted to the marijuana use, but denied doing so in the presence of the children or in the home.

In March 2023, the Department filed a first amended petition, adding the parents violated the order to live separately and increased the risk of harm to the children through their daily use of marijuana.

**Indian Child Welfare Act (ICWA) investigation**

The Department's initial petition included a form in which a social worker reported the parents gave no reason to believe the

---

[1] All further unattributed statutory references are to the Welfare and Institutions Code.

children had Indian ancestry. The parents also filed forms indicating they had no Indian ancestry. The juvenile court thus found no reason to believe the children were or might be Indian children but ordered the Department "to continue to interview all known relatives and to report back in the future reports."

In the January 10, 2023 jurisdiction/disposition report, the Department's investigator reported no additional relative information regarding Indian ancestry because the parents had not made themselves available to be interviewed. The investigator described many attempts to contact mother and father. Later, the Department reported when inquiries were made to the parents in January 2023, they both denied Indian ancestry and stated all their parents were of Mexican descent.

**Jurisdictional and dispositional hearing**

Before the May 2023 hearing, father filed a waiver of rights and indicated he was pleading no contest. Based on this, the juvenile court found true the allegations father endangered the children by engaging in domestic violence and in substance abuse.

Mother's counsel argued the petition should be dismissed as to mother, claiming the Department had not shown a current risk of harm to the children. Children's counsel disagreed, arguing the unresolved domestic violence issues and marijuana use posed a risk of harm to the children. The Department's counsel joined with children's counsel, adding mother had placed the children at risk of harm by leaving her children in the care of someone else to facilitate her daily use of marijuana and by violating the court's orders.

With regards to mother, the juvenile court dismissed the physical abuse claim in count a-1 but sustained the counts that

alleged mother endangered the children by engaging in domestic violence, by her substance abuse, and by neglecting father's substance abuse. The court declared the children dependents of the court, removed them from the parents, and ordered family reunification services for mother and father.

Mother filed a timely notice of appeal from the jurisdictional order.[2]

## CONTENTIONS ON APPEAL

Mother claims it was reversible error to find ICWA did not apply. She also argues the jurisdictional findings of the parents' domestic violence and substance abuse endangering the children were not supported by substantial evidence.

## DISCUSSION

### I. Substantial evidence supports the court's findings regarding mother

#### A. *Standard of review*

We review mother's challenge to the sufficiency of the evidence supporting the juvenile court's jurisdictional and dispositional orders under the substantial evidence standard. (*In re Hailey T.* (2012) 212 Cal.App.4th 139, 145-146 [disposition]; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 450 [jurisdiction].) Under that standard, "the issue is whether there is evidence, contradicted or uncontradicted, to support the finding. In making that determination, the reviewing court reviews the record in the light most favorable to the challenged order, resolving conflicts in the evidence in favor of that order, and giving the evidence

---

[2] Father is not a party to the appeal.

reasonable inferences. Weighing evidence, assessing credibility, and resolving conflicts in evidence and in the inferences to be drawn from evidence are the domain of the trial court, not the reviewing court. Evidence from a single witness, even a party, can be sufficient to support the trial court's findings." (*Alexis E., supra*, at pp. 450-451.)

**B.** ***Unchallenged findings concerning father provide a basis for dependency jurisdiction over the children***

As an initial matter, the juvenile court found father placed the children at risk of serious physical harm by engaging in domestic violence with mother and by abusing marijuana and alcohol. These findings are unchallenged.

The "principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'" [citation]. Thus, where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot. [Citation.] The same is true where there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*In re D.P.* (2023) 14 Cal.5th 266, 283-284.)

"[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent." (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 397.)

Even if mother were found to be nonoffending, the unchallenged findings as to father support dependency

jurisdiction over the children. Mother cites *In re C.C.* (2009) 172 Cal.App.4th 1481 as support for her position her appeal is not moot on the theory the findings made as to her might have consequences in a future dependency or family law proceeding. Yet, mother fails to suggest any way in which the jurisdictional findings about her could affect a future dependency or family law proceeding. Because we find no threatened prejudice to mother, we have no cause to review them. Thus, we affirm the jurisdictional order based on the unchallenged findings made as to father.

**C. *Mother and father's domestic violence placed the children at harm***

Even if we consider mother's challenge to the jurisdictional findings, she does not demonstrate reversal is indicated. Mother first challenges the finding domestic violence endangered the children.

The juvenile court sustained the count alleging H.C. and A.C. were at risk of harm due to the parents' history of domestic violence. Domestic violence is a ground for dependency jurisdiction under section 300, subdivision (b), due to the potential for accidental injury to the children. (*In re Cole L.* (2021) 70 Cal.App.5th 591, 603 (*Cole L.*).) A juvenile court need not wait until a child is actually abused or injured to assume jurisdiction and take necessary steps to protect the child. (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

Here, H.C. disclosed to her teacher she had seen father push mother. H.C. refused to go home after school, explaining she did not want to go home because "my dad . . . hits . . . my mom." A.C. also said father hits mother and appeared to imitate the conduct by having "made a fist and hit her chin."

7

The maternal grandmother reported H.C. had asked her not to go to work because mother and father were going to start fighting again, adding there had been incidents of domestic violence between mother and father beyond those investigated by the Department.

Mother admitted having pushed father during the September 2022 incident and claimed he had scratched himself when she was tugging his shirt. Although the aggressor in this instance of domestic violence, mother stated father was the aggressor in prior instances. Mother also showed the social worker a video in which father could be heard loudly and aggressively yelling and cursing at mother.

Mother claims reversal is necessary because these facts are similar to those in *Cole L., supra*, 70 Cal.App.5th 591, 606, where the Court of Appeal reversed the lower court's assumption of jurisdiction because the record reflected only a single minor episode of domestic violence that took place outside the presence of the children. Unlike in *Cole L.*, the record here contains evidence of multiple instances of domestic violence, at least some of which took place in the presence of the children. Substantial evidence, therefore, supports the jurisdictional finding under section 300, subdivision (b)(1).

Second, mother contends a pleading error in the first amended petition is grounds to reverse. Because mother challenges the pleadings in the petition, we apply the rules applicable to a demurrer. (*In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1133.) We construe the well-pleaded facts in favor of the petition to determine whether the Department sufficiently alleged the children were at substantial risk of serious physical harm as a result of the parents' failure or

8

inability to adequately supervise or protect them. (§ 300, subd. (b).) A facially sufficient petition "'requires the pleading of essential facts establishing at least one ground of juvenile court jurisdiction.'" (*In re Kaylee H.* (2012) 205 Cal.App.4th 92, 108.)

In the amended petition, the Department alleged section 300, subdivision (b)(1), applied because mother and father had a history of engaging in domestic violence, and had engaged in violent conduct in the presence of H.C. These allegations are sufficient to plead the facts essential to establish juvenile court jurisdiction based on section 300, subdivision (b) because they show danger to the children created by failure of mother to adequately protect them from domestic violence.

Mother identifies no defect in these allegations; instead, she claims an error in a checked box above the allegations is grounds to reverse. In the original petition, the Department checked the box alleging the children were at risk of suffering serious physical harm "as a result of the failure or inability of [the] parent or legal guardian to supervise or protect the child adequately." However, in the amended petition, the Department checked a different box alleging the children were at risk of harm "by the inability of the parent or legal guardian to provide regular care for the child due to the parent's or legal guardian's mental illness, developmental disability, or substance abuse." Despite checking the wrong box in the amended petition, the allegations of fact on the same page clearly identify the basis for dependency jurisdiction under section 300, subdivision (b)(1), to be the failure to protect the children from the domestic violence.

Mother identifies no legal authority for her position that a mistake in checking a box is grounds to reverse, despite legally sufficient allegations. She identifies no harm caused by this

9

pleading error, e.g., something in the record demonstrating the mark next to the incorrect box prevented her from preparing for the hearing.

Therefore, we find substantial evidence supports the finding dependency jurisdiction exists over the children, and there are no grounds to reverse based on the error of checking the wrong box in the first amended petition.

### D.    *Mother and father's substance abuse endangered the children*

We need not reach mother's challenge to the jurisdictional findings on her substance abuse; as discussed above, the unchallenged findings regarding the parents' domestic violence independently support dependency jurisdiction, rendering any error in the substance abuse findings harmless. "[W]here there are multiple findings against one parent; the validity of one finding may render moot the parent's attempt to challenge the others." (*In re D.P.* (2023) 14 Cal.5th 266, 284.) "As long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate." (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979.)

Even if we did consider mother's challenge, substantial evidence supports the two findings concerning the parents' substance abuse. One finding concerned mother's substance abuse alleged in count b-2 and the other mother's failure to protect the children from father's substance abuse in count b-3.

Dependency jurisdiction for substance abuse exists under section 300, subdivision (b), when there is excessive use of drugs or alcohol and this renders "a parent or guardian unable to provide regular care for a child and either cause the child to suffer serious physical harm or illness or place the child at

10

substantial risk of suffering such harm or illness." (*In re N.R.* (2023) 15 Cal.5th 520, 531.)

Here, mother and father admitted using marijuana daily. A social worker smelled marijuana in the family home. The parents tested positive for marijuana at the start of the proceedings and then did not participate in further drug testing. As a result, neither the Department nor the juvenile court could determine whether parents were excessively using marijuana. There were reports that the parents failed to make appropriate arrangements for the children while using marijuana.

Although a finding of substance abuse is not prima facie evidence of a risk of harm to children of tender years, "a child's youth and maturity level can bear upon the care that the child may require and whether a parent's or guardian's substance abuse places the child at substantial risk of serious physical harm." (*In re N.R., supra*, 15 Cal.5th at p. 559.) H.C. was five years old and A.C. was three years old at the time of the May 2023 adjudication hearing. They were young children who required constant care and supervision. The record here contained facts showing there was the smell of marijuana in the home, the parents failed to make appropriate arrangements for the children when using marijuana and failed to cooperate with drug testing. A reasonable inference can be drawn from these facts mother and father placed the five-year-old and the three-year-old at substantial risk of physical harm through their failure to provide the constant care and supervision needed. It is also evidence mother failed to protect the children from dangers created by father's substance abuse.

## II. Any ICWA error is not grounds to reverse while the investigation is ongoing

Mother contends the juvenile court's findings regarding ICWA are in error because the Department did not investigate all relatives. Mother's contention is premature because the juvenile court has not terminated dependency jurisdiction or found the Department has fulfilled its duty of inquiry. On the contrary, the ICWA investigation is ongoing.

Reversing an initial ICWA order in a dependency proceeding is not required when the court and counsel are aware the ICWA inquiry is incomplete. (*In re S.H.* (2022) 82 Cal.App.5th 166, 179 (*S.H.*).) "The [Department] must comply with its broad duty to comp[l]ete all appropriate inquiries and apprise the court, and the court has a continuing duty to ensure that the [Department] provides the missing information. So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the [Department] and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*Ibid.*)

Here, the parents both filed "Parental Notification of Indian Status," ICWA-020 forms, indicating they had no Indian ancestry. Based on this, the juvenile court found it had no reason to believe H.C or A.C. were Indian children. However, the court ordered the Department to continue inquiring about the family's possible Indian ancestry and to provide additional information in subsequent reports. This recognizes that "the duty to inquire is a *continuing* one." (*S.H., supra*, 82 Cal.App.5th at p. 176.) Even while concluding ICWA does not apply, the juvenile court "retains the power (and duty) to *reverse* that determination 'if it subsequently receives information providing reason to believe

that the child is an Indian child.'" (*Ibid*.) Thus, if the ongoing Department investigation discovers Indian ancestry, the juvenile court retains the power to make the appropriate orders.

Therefore we find no reversible error regarding ICWA.

## DISPOSITION

The orders of the juvenile court are affirmed.


_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.